# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
### WESTERN DIVISION

Design Basics, LLC,                                  Case No. 3:15CV00666

           Plaintiff

     vs.                                            ORDER

Forrester Wehrle Homes, Inc., et al.

           Defendant.

This is a copyright infringement case concerning architectural works.

Plaintiff Design Basics (DB) is a home plan design company that creates and licenses copyright-protected architectural designs. It accuses defendants, the home building company Forrester Wehrle Homes and its affiliates (collectively, FWH) of manufacturing and selling "three-dimensional infringing copies (houses)" of its protected designs. (Doc. 89, ID 3488).

FWH has moved for summary judgment on the issue of substantial similarity. (Doc. 82). This opinion adjudicates, however, a threshold question: namely, whether I may consider expert opinions from defendant's expert, Richard Kraly.

Defendant has submitted two expert reports from Richard Kraly: an original report and a supplemental report. Pending are plaintiff's motions to exclude both reports. (Doc. 89, ID 3501-03).[1] For the reasons below, I grant plaintiff's motion to exclude the original report in part, deny it in part and grant plaintiff's motion to exclude the supplemental report.

---

[1] Plaintiff, to be clear, did not actually "move" to exclude Kraly's reports by filing a motion. Instead, its brief in opposition to defendants' motion for summary judgment on substantial similarity contends Kraly's opinions are inadmissible. (Doc. 89, ID 3501-03). Defendants responded to those arguments in their reply. (Doc. 95, ID 3703-05).

## Background

On December 8, 2016, I entered the parties' stipulated scheduling order, in which the parties agreed to disclose expert-related materials by April 3, 2017, and submit any "rebuttal" expert reports by April 24, 2017. ((Doc. 60, at 1420).

FWH tendered Kraly's initial original report to DB by the April 3rd deadline. FWH relied on this original report in its July 17, 2017, motion for summary judgment on the issue of the substantial similarity between DB's designs and its designs. (Docs. 73, 82-7).

Also on July 17th, three months after the close of discovery, FWH disclosed its second, "supplemental" report from Kraly (Doc. 110), to DB's counsel. But FWH did not mention, much less rely on the supplemental report in its motion for summary judgment or, so far as I can tell, any other pleading.

Asking me to exclude both reports from my consideration of defendants' motion for summary judgment, DB argues that both fail to comply with Fed. R. Civ. P. 26(a)(2)(B).

Defendants disagree. FWH insists that Kraly's original report includes all the elements listed in subsection (a)(2)(B) of Rule 26, and characterizes his supplemental report as just that, a "supplement" which is not only permitted, but required under subsection (e)(2) of that Rule.

## Discussion

Before an expert can testify at trial, "Federal Rule 26(a)(2) requires that each expert witness prepare and sign a written report containing his . . . opinions as well as other pertinent information." *Cohlmia v. Ardent Health Servs., LLC*, 254 F.R.D. 426, 429 (N.D. Okla. 2008). That report must contain:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the facts or data considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B).

Rule 26 also requires a litigant to "supplement or correct" an initial disclosure if it learns "that in some material respect the disclosure . . . is incomplete or incorrect, and if the additional corrective information has not otherwise been made known" to the opposing party. Fed. R. Civ. P. 26(e)(1)(A). "For an expert whose report must be disclosed under" subsection (a)(2)(B), the duty to supplement "extends to both information included in the [expert's] report and to information given during the expert's deposition." Fed. R. Civ. P. 26(e)(2).

"A litigant who fails to comply with these requirements does so at his own peril." *Cohlmia, supra*, 254 F.R.D. at 429. As Rule 37(c)(1) expressly states, "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless."

The exclusionary penalty in Rule 37(c) "is a mandatory, self-executing sanction." *Bekaert Corp. v. City of Dyersburg*, 265 F.R.D. 573, 578 (W.D. Tenn. 2009). Thus if the original, or

supplemental Kraly report is incomplete under Rule 26, "exclusion is automatic" short of substantial justification or harmlessness. *Id.*; *see also Roberts ex rel. Johnson v. Galen of Va., Inc.*, 325 F.3d 776, 782 (6th Cir. 2003).

### A. Kraly's Original Report

### 1. Rule 26(a)(2)(B) Compliance

DB first argues Kraly's original report does not include "a complete statement of all opinions" he will express, or "the facts or data" he considered in forming his opinions. Fed. R. Civ. P. 26(a)(2)(B)(i), (ii). "The best evidence of this," according to plaintiff, "is Kraly's Supplemental Report," which "espous[es] completely new opinions, and "references new facts and data." (Doc. 89, ID 3501-02).

Except that plaintiff does not identify what these "completely new opinions"or "new facts and data" are. Nor does DB explain the difference between Kraly's original and supplemental opinions. If plaintiff cannot explain how the supplemental report proves that the original report is incomplete, then neither can I. *See El-Moussa v. Holder*, 569 F.3d 250, 257 (6th Cir. 2009) ("Issues averted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." (citation and brackets omitted)).[2]

The only failing plaintiff concretely identifies is the absence of "a statement of the compensation to be paid for the study and testimony in the case," *see* Fed. R. Civ. P. 26(a)(2)(B)(iv), which defendants concede is not in Kraly's original report. Even so, FWH may avoid the exclusion

---

[2] Nor will I go "hunting" in the record to determine whether a party's factual assertions are accurate. *Dean-Lis v. McHugh*, 598 F. App'x 412, 415 (6th Cir. 2015). DB and FWH must direct me to evidence that substantiates their claims and ensure that such evidence is, in fact, *in the record*. Both parties briefed the question of whether Kraly's supplemental report complies with Rule 26 without actually filing a copy of the report until I requested it.

rule if it demonstrates that this omission was substantially justified, or harmless. Fed. R. Civ. P. 37(c)(1).

An omission is "harmless" if it "involves an honest mistake on the part of a party coupled with sufficient knowledge on the part of the other party." *Howe v. City of Akron*, 801 F.3d 718, 747 (6th Cir. 2015) (citation omitted). Given that Kraly's original report otherwise complies with Rule 26(a) , I accept that FWH's failure to disclose his compensation was an "honest mistake."

"The test of a report is whether it was sufficiently complete, detailed and in compliance with the Rules so that surprise is eliminated, unnecessary depositions are avoided, and costs are reduced." *Cohlmia*, *supra*, 254 F.R.D. at 430 (citation omitted). "Expert reports must [also] include 'how' and 'why' the expert reached a particular result, not merely [state] the expert's conclusory opinions." *R.C. Olmstead, Inc. v. C.U. Interface, LLC*, 606 F.3d 262, 271 (6th Cir. 2010) (citation omitted).

Kraly's original report does at least this much.

In it, Kraly opines that FWH "did not copy Design Basic's designs," but explains that "both products contain similar . . . concepts, dimensions [and] materials," based on the "resources available to local designers," "client expectations" and functionality requirements common to residential construction. (Doc. 82-7, ID 2708, 2703). Kraly also compares DB's home plans to FWH's allegedly infringing plans, identifying what he believes are distinct creative differences in design.

The report lists the exhibits on which Kraly relied to reach his conclusions and includes Kraly's resume, detailing his qualifications and the cases in which he has participated over the last four years. *See* Fed. R. Civ. P. 26(a)(2)(B)(i)–(vi). Defendants also timely disclosed Kraly's original report, eliminating potential "unfair surprise" to plaintiff. *Cohlmia*, 254 F.R.D. at 430. All this

suggests FWH's omission was "more likely the result of negligence . . . than underhanded gamesmanship." *Howe*, 801 F.3d at 749.

Defendants' apparent "honest mistake" in failing to mention compensation is also "coupled with sufficient knowledge on the part of" DB. *Id.* at 747.

When FWH disclosed the original report, DB evidently found it satisfactory. Plaintiff was not "forced to depose" Kraly, *see R.C. Olmstead, supra*, 606 F.3d at 271, and complained that Kraly's initial report was incomplete only after defendants disclosed his supplemental report. But even with the benefit of the supplemental report, DB does not explain how the original report "fell woefully short of the rigorous abstraction-filtration analysis required to find substantial similarity in copyright claims." *Id.*

Finally, I note that plaintiff is familiar with Kraly, having opposed his testimony in previous cases. *See Design Basics, LLC v. Petros Homes, Inc.*, 2017 WL 2842783, *5 (N.D. Ohio) ("[P]laintiff's arguments related to Mr. Kraly are disingenuous because plaintiff's counsel has been aware of Mr. Kraly's qualifications since, at least, 2006.").

Based on Kraly's original report, DB "knew who was going to testify and what they were going to testify." *Roberts*, 325 F.3d at 783. I therefore find defendants' failure to disclose "the amount [Kraly] was paid . . . relatively harmless." *Id.*

## 2. *Daubert* Compliance

While I will not add flesh to the bones of a party's skeletal Rule 26 argument, *El-Moussa, supra,* 569 F.3d at 257, I have an independent "gatekeeping" duty to ensure that expert testimony is admissible under Fed. R. Evid. 702. *See Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999) (citing *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 589 (1993)).

That duty includes maintaining "vigilant" guard against expert testimony that "embrace[s] . . . actual legal conclusion[s]." *Alvarado v. Oakland Cty.*, 809 F. Supp.3d 680, 691–92 (E.D. Mich. 2011). An expert "[g]enerally . . . may not state his or her opinion as to legal standards" because "the trial judge does not need the judgment of witnesses" to determine what the law is. *United States v. Gordon*, 493 F. App'x 617, 626 (6th Cir. 2012) (citations omitted).

Although my "special legal knowledge" renders Kraly's testimony on copyright law "superfluous," *United States v. Zipkin*, 729 F.2d 384, 387 (6th Cir. 1984), FWH volunteers it nonetheless to question the validity of DB's copyrights.

To garner copyright protection, a particular work must be original, meaning "that it possesses at least some minimal level of creativity." *Feist Publications, Inc. v. Rural Tele. Serv. Co.*, 499 U.S. 340, 345 (1991). Because DB holds certificates of copyright registration in all twenty-three of the home design plans it contends FWH has infringed, I presume its designs satisfy the "extremely low" creativity threshold for originality. *Id.*; *see also* 17 U.S.C. § 410(c); *and Lennar Homes of Tex. Sales & Marketing, Ltd. v. Perry Homes, LLC*, 117 F. Supp. 3d 913, 930 (S.D. Tex. 2015).

Kraly's original report challenges this presumption. He examines DB's design plans and concludes that they lack the "original expression" necessary to meet "the restrictions of a copyright designation." (Doc. 82-7, ID 2708).

Kraly's belief that DB's designs do not merit copyright protection is a legal conclusion–and a subject on which I "do[] not need the judgment of witnesses."[3] *Gordon*, 493 F. App'x at 626. Thus,

---

[3] Even if an expert generally could "state his opinion . . . as to legal standards," Kraly in particular could not. *Gordon*, 493 F. App'x at 626 (citation omitted). Kraly is not an attorney and has no expertise in copyright law. He is not qualified to opine that the Untied States Copyright Office got it wrong not only once, but twenty-three times over.

insofar as the original report "offers opinions that plaintiff's copyrights are meaningless and of no value . . . these opinions must be excluded." *Design Basics*, 2017 WL 2842783, at * 7.

"However, the inclusion of such opinions . . . does not render his entire report and/or testimony inadmissible." *Id.* Elsewhere in the report, Kraly outlines the differences between DB's design plans and FWH's design plans in side-by-side comparisons. These comparisons may help me determine whether the "protectable elements" of DB's designs are "substantially similar" to the protectable elements of FWH's designs for purposes of summary judgment. *See Tiseo Architects, Inc., v. B & B Pools Serv. and Supply Co.*, 495 F.3d 344, 348 (6th Cir. 2007).

Accordingly, I disregard Kraly's legal conclusions, but consider his original report it insofar as "his opinions as a registered architect are helpful in identifying the standard and functional elements of single-family homes and in comparing the similarities between the parties' designs." *Design Basics*, 2017 WL 2842783, at * 7.

### B. Kraly's Supplemental Report

DB next argues that Kraly's supplemental report is also "inadmissible for purposes of summary judgment" (Doc. 89, ID 3503) because it is not a true "supplement" within the meaning of Rule 26(e)(2). DB is likely correct.

Kraly devotes much of his supplemental report to reiterating and expanding the arguments from his initial report; that DB's designs are substantially similar to one another, and thus not sufficiently creative or original to warrant individual copyright registration. (Doc. 110). This "superfluous" legal conclusion is not helpful. *Zipkin*, 729 F.2d at 387. Moreover, it does not "supplement" Kraly's original findings.

The opportunity to "supplement or correct" a disclosure that a party later learns is "incomplete or incorrect" is limited to "'correcting inaccuracies' or 'filling interstices' in an initial disclosure." *Bentley v. Highlands Hosp. Corp.*, 2016 WL 5867496, *4 (E.D. Ky.) (quoting Fed. R. Civ. P. 26(e)(1) and *Munchkin, Inc. v. Playtext Prods., LLC*, 600 F. App'x 537, 538 (9th Cir. 2015)). It is not "a second bite at the apple," or a chance for defendants to "'strengthen' [and] 'deepen' opinions expressed in the original expert report." *Cohlmia*, 254 F.R.D. at 433 (citation omitted).

A party's "attempt[] to add new analyses . . . under the guise of supplementation" is especially inappropriate "where the information underlying the new opinion was available to the party at the time of [the] initial disclosure." *Bentley*, 2016 WL 5867496, at *4. Here, for instance, Kraly attaches a series of illustrations to his supplemental report which he did not include in his original report. Yet defendants do not explain whether he had access to these illustrations at the time he drafted the initial report.

If he did, FWH may not now introduce these exhibits as part of a so-called "supplement." Rule 26(e) is not a "license to sandbag one's opponent with claims and issues which should have been included in the [initial] expert report." *Cohlmia*, 254 F.R.D. at 433 (citation omitted).

Ultimately, however, I need not decide whether Kraly's supplemental report is in fact a "supplement." I instead decline to consider it for a more fundamental reason: FWH's motion for summary judgment the issue of substantial similarity does not rely on it.

Rule 56 expressly limits what I may consider at summary judgment to "materials in the record." Fed. R. Civ. P. 56(c)(1) & (c)(3); *see also Bormuth v. Cty. of Jackson*, 870 F.3d 494, 524 (6th Cir. 2017) (en banc) (Sutton, J., concurring). Kraly's supplemental report was not "in the

record" at the time defendants moved for summary judgment, or opposed plaintiff's motion for summary judgment on the issues of access and validity.

Indeed, Kraly's supplemental report was not in the record at all until I directed defendants to file a copy. Plaintiff essentially moves to exclude material FWH did not offer as evidence in the first instance.

For the moment, I decline to review Kraly's supplemental report as a matter outside the summary judgment record. If defendants intend to introduce the supplemental report at trial, DB is free to renew its Rule 26 objections in a pretrial motion in limine.

## Conclusion

It is, therefore,

ORDERED THAT:

1. Plaintiff's motion to exclude defense expert Richard Kraly's original report for purposes of summary judgment (Doc. 89, ID 3501-02) be, and the same hereby is granted as to the report's legal conclusions, but denied as to the report's description of the similarities and differences between the parties' designs;

2. Plaintiff's motion to exclude defense expert Richard Kraly's supplemental report for purposes of summary judgment (Doc. 89, ID 3502-03) be, and the same hereby is granted. So ordered.

/s/ James G. Carr

Sr. U.S. District Judge