IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Design Basics, LLC,                                   Case No. 3:15CV666

         Plaintiff

         v.                                               **ORDER**

Forrester Wehrle Homes, Inc., et al.,

         Defendants

This is a copyright-infringement case.

Plaintiff Design Basics, LLC (DB), creates, markets, and licenses architectural plans for single-family homes. (Doc. 58 at ¶1). It contends that defendants – Forrester Wehrle Homes, Inc.; Wehrle Development, Ltd.; and their principals Jeffrey, Richard, and Joseph Wehrle (collectively, FWH) – infringed its copyrights in twenty-three architectural plans. (*Id.* at ¶¶35–36).

Pending is the defendants' partial motion for summary judgment on statute-of-limitations grounds. (Doc. 81).

Relying on the Supreme Court's statement in *Petrella v. Metro-Goldwyn-Mayer, Inc.*, --- U.S. ---, 134 S. Ct. 1962, 1968 (2014), that the three-year limitations period for infringement claims creates a "three-year look-back," FWH argues that it is entitled to summary judgment on all of DB's claims to the extent they seek damages for any infringing acts that occurred more than three years before the filing of this suit.

For the following reasons, I deny the motion.

## Background[1]

The relationship between DB and FWH dates back to 1993, when DB licensed two of its architectural plans – the Ashton and the Albany – to FWH. (Doc. 58 at ¶37). Since that time, DB, whether on its own initiative or at the request of FWH, mailed at least fifteen of its catalogs containing additional architectural designs to FWH. (*Id.*; Doc. 83–3 at ¶29).

In March, 2013, while DB was preparing "marketing efforts" in Ohio, the company "became aware that [FWH] had violated its copyrights in one or more distinct ways." (Doc. 58 at ¶35). Some evidence in the record suggests that FWH created the allegedly infringing homes between 2000 and 2007. (Doc. 81 at 4). DB learned of these alleged infringements when its "senior designer," Carl Cuozzo, visited FWH's website and concluded that FWH's designs infringed DB's copyrighted plans. (Doc. 83–3 at ¶4).

DB filed this suit on April 6, 2015. (Doc. 1).

## Standard of Review

Summary judgment is appropriate under Fed. R. Civ. P. 56 where the opposing party fails to show the existence of an essential element for which that party bears the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The movant must initially show the absence of a genuine issue of material fact. *Id.* at 323.

Once the movant meets that burden, the "burden shifts to the nonmoving party [to] set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

---

[1] I set forth the background of the case in greater detail in *Design Basics, LLC v. Forrester Wehrle Homes, Inc.*, 2017 WL 5467152 (N.D. Ohio) (*Design Basics I*), and *Design Basics, LLC v. Forrester Wehrle Homes, Inc.*, 2017 WL 5444569 (N.D. Ohio) (*Design Basics II*).

242, 250 (1986). Rule 56 "requires the nonmoving party to go beyond the [unverified] pleadings" and submit admissible evidence supporting its position. *Celotex*, *supra*, 477 U.S. at 324.

I accept the non-movant's evidence as true and construe all evidence in its favor. *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 456 (1992).

## Discussion

The Copyright Act provides that "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b).

Under controlling Sixth Circuit case law, a claim for copyright infringement "accrues when a plaintiff knows of the potential violation or is chargeable with such knowledge." *Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC*, 477 F.3d 383, 390 (6th Cir. 2007); *accord Mitchell v. Capitol Records, LLC*, --- F. Supp. 3d ----, 2017 WL 6459808, *2 (W.D. Ky. 2017); *Gomba Music Inc. v. Avant*, 225 F. Supp. 3d 627, 640 (E.D. Mich. 2016).

This rule is known as the "discovery rule."

"'[E]ach new infringing act," moreover, "causes a new three year statutory period to begin', as 'each infringement is a distinct harm.'" *Mitchell*, *supra*, --- F. Supp. 3d ----, 2017 WL 6459808 at *2 (quoting *Roger Miller Music, Inc.*, *supra*, 477 F.3d at 390).

FWH argues that it is entitled to summary judgment on DB's claims to the extent that they seek damages for infringing acts that occurred before April 6, 2012 – three years before DB filed this suit. This is so, FWH maintains, because the Supreme Court's decision in *Petrella*, *supra*, abrogated the discovery rule and replaced it with the "injury rule," under which a claim accrues when an infringing act occurs.

3

In the alternative, FWH argues that DB knew or had reason to know that FWH infringed its work long before bringing suit, and thus that its claims are untimely under the discovery rule.

### A. Effect of *Petrella*

The question in *Petrella*, *supra*, 134 S. Ct. at 1967, was "whether the equitable defense of laches . . . may bar relief on a copyright infringement claim brought within § 507(b)'s three-year limitations period." In holding that the answer was "no," the Court observed that, ordinarily, "[a] copyright claim . . . arises or accrues when an infringing act occurs." *Id.* at 1969. As a result, the Court explained, a plaintiff "can gain retrospective relief only three years back from the time of suit." *Id.* at 1970.

*Petrella* itself does not support FWH's contention (Doc. 81 at 8–11) that these statements abrogated the discovery rule.

For one thing, the Court in *Petrella*, *supra*, 134 S. Ct. at 1969 n.4, recognized that "nine Courts of Appeals have adopted, as an alternative to the incident of injury rule, a 'discovery rule,'" for starting the statute of limitations." But the Court acknowledged that "we have not passed on" whether that was a correct approach for measuring the limitations period. *Id.*

For another, the Court made explicit in *SCA Hygiene Prods. Aktiebolag v. First Quality Baby Prods., LLC*, --- U.S. ---, 137 S. Ct. 954, 962 (2017), what was implicit in *Petrella*: "And in *Petrella*, we specifically noted that we have not passed on the question whether the Copyright Act's statute of limitations is governed by [the discovery rule]."

Furthermore, FWH acknowledges that the federal courts across the country have rejected the argument that *Petrella* somehow, *sub silentio*, abrogated the discovery rule. As one district court within the Sixth Circuit has persuasively explained:

4

*Petrella* does not require the Court to ignore Sixth Circuit precedent that clearly defines accrual of a copyright claim as occurring when the plaintiff "knew of the potential violation or is chargeable with such knowledge." *Roger Miller*, 477 F.3d at 390. In *Petrella*, the Court's statement equating accrual with the occurrence of the infringing act is accompanied by a footnote, which reads as follows:

> Although we have not passed on the question, nine Courts of Appeals have adopted, as an alternative to the incident of injury rule, a "discovery rule," which starts the limitations period when "the plaintiff discovers, or with due diligence should have discovered, the injury that forms the basis for the claim." *William A. Graham Co. v. Haughey*, 568 F.3d 425, 433 (C. A. 3 2009) (internal quotation marks omitted)[.]

*Petrella*, 134 S. Ct. at 1969 n. 4.

Thus, the Court acknowledged that the "incident of injury" rule it described in the main text of the case is not the only rule that federal courts apply in copyright infringement cases. Since *Petrella*, the courts interpreting this footnote have largely decided that the discovery rule remains viable in the circuits that had previously applied it. *E.g., Wolf v. Travolta*, 167 F. Supp. 3d 1077, 1092–93 (C.D. Cal. 2016) (applying discovery rule *post-Petrella* as Ninth Circuit precedent remained valid); *Design Basics LLC v. J & V Roberts Inv., Inc.*, 130 F. Supp. 3d 1266, 1281–82 (E.D. Wis. 2015) (same in Seventh Circuit); *Lefkowitz v. McGraw–Hill Global Educ. Holdings, LLC*, 23 F. Supp. 3d 344, 357 n.11 (S.D.N.Y. 2014) (same in Second Circuit). The District Court for the Eastern District of Pennsylvania succinctly and persuasively summarized the reasoning behind these opinions:

> While the language related to the statute of limitations [in *Petrella* ] is suggestive, this Court does not find that *Petrella* overruled the Third Circuit discovery rule. First, the Supreme Court explicitly stated it was not deciding that issue. Second, *Petrella* was a case about laches, and the holding is limited to that issue. Third, the comment's placement in a footnote demonstrates it was intended as dicta. Finally, this Court cannot find that a comment in a footnote overrules the standard in nearly every circuit in the country. Accordingly, the discovery rule still applies to determine whether Plaintiff's claims are barred by the three-year statute of limitations.

*Grant Heilman Photography, Inc. v. McGraw-Hill Cos., Inc.*, 28 F. Supp. 3d 399, 411 (E.D. Pa. 2014). Thus, the Court agrees with Mitchell that the discovery rule has not been abrogated by *Petrella* and that it remains the standard to be applied in copyright infringement cases in the Sixth Circuit.

*Mitchell*, *supra*, --- F. Supp. 3d at ----, 2017 WL 6459808 at *3

For these reasons, I, too, reject the argument that *Petrella* overruled the Sixth Circuit's rule that copyright-infringement claims accrue under the discovery rule.

Taking yet another tack (Doc. 81 at 11–13), FWH maintains that the Sixth Circuit abrogated the discovery rule in a case, not about the statute of limitations for copyright-infringement claims, but rather about claim preclusion under Ohio's Uniform Trade Secrets Act, *Allied Erecting & Dismantling Co. v. Genesis Equip. & Mfg., Inc.*, 805 F.3d 701 (6th Cir. 2015).

The plaintiff in *Allied Erecting* prevailed at a 2010 jury trial at which it claimed the defendants misappropriated its trade secrets. *Allied Erecting*, *supra*, 805 F.3d at 703. Then, in 2013, plaintiff sued defendants again, alleging that defendants had continued to misappropriate the same trade secrets after the 2010 verdict. *Id.* The district court dismissed the 2013 action on a 12(b)(6) motion, concluding that misappropriation at issue "constituted a continuing misappropriation that related back to a single claim: the wrongful acquisition of [Allied's trade secrets] in 2003, discovered in 2005[.]" *Id.* at 707.

On appeal, the question was whether claim-preclusion rules or the statute of limitations blocked the plaintiff's 2013 suit.

Turning to the Ohio trade-secrets law at issue, the Circuit observed that the statute adopted a "single claim" approach to the statute of limitations. Under that approach, "a claim for misappropriation of a trade secret arises for a given plaintiff against a given defendant only once, at the time of the initial misappropriation[.]" *Id.* at 705 (internal quotation marks and citation omitted).

The court contrasted that approach with "copyright and patent protections, which apply a 'continuing wrong' approach, also known as a 'separate-accrual' rule, to infringement suits." Here

the court quoted the statements in *Petrella*, *supra*, 134 S. Ct. at 1969, that "[a] copyright claim thus arises or accrues when an infringing act occurs," and that, under copyright law's "separate-accrual rule," when a defendant "commits successive violations, the statute of limitations runs separately from each violation."

FWH parses this language to conclude that *Allied Erecting* "challenges the ongoing viability of the discovery rule for copyright infringement claims[.]" (Doc. 81 at 13). Because copyright holders can avail themselves of the "separate-accrual rule," FWH seems to argue, there is no reason copyright holders should also be able to invoke the discovery rule:

> Because each new, discrete wrong is remediable when the infringement occurs, and because continuing harms (like the construction of houses based on an infringing architectural plan) multiply available damages, a . . . copyright infringement plaintiff already has a full panoply of remedies that obviates the need for the extra time that the discovery rule affords.

(*Id.*).

Whatever the merits of this policy argument, there is simply no plausible way to read *Allied Erecting* as repudiating the Sixth Circuit's cases adopting and applying the discovery rule. Accordingly, I will measure the timeliness of DB's claims under that rule.[2]

---

[2] I also reject FWH's argument (Doc. 112 at 7–10) that the only "legally cognizable damages" that DB may recover are those that DB incurred in the three years preceding the filing of this suit. Under this approach, DB's claims for infringements that occurred between 2000 and 2007 would be timely under the discovery rule, *see infra* at pp. 8–10, but DB could not recover any damages for those infringements. FWH cites no circuit-level authority or authority within the Sixth Circuit to support this claim, and two persuasive decisions have rejected it. *See William A. Graham Co. v. Haughey*, 568 F.3d 425, 437 (3d Cir. 2009) (allowing plaintiff to recover damages that were incurred before the three-year look-back period, where plaintiff's claims were timely under the discovery rule); *Polar Bear Productions, Inc. v. Timex Corp.*, 384 F.3d 700, 706 (9th Cir. 2004) (same).

## B. DB's Knowledge of FWH's Infringements

FWH also contends that it is entitled to summary judgment if I find that the discovery rule controls.

According to defendants, DB should be chargeable with the knowledge that FWH allegedly infringed its copyrighted works. (Doc. 81 at 13–17).[3] This is so, FWH maintains, because "the current ownership of DB acquired their interest in the company expressly because of the potential for copyright infringement cases that 'have become a principal revenue stream for [DB]." (Doc. 81 at 14–15) (quoting *Design Basics, LLC v. Lexington Homes, Inc.*, 858 F.3d 1093, 1096–97 (7th Cir. 2017)). In this vein, FWH observes that DB uses a "bounty program" whereby it encourages its employees to look for potential copyright infringements on the Internet and pays them a finder's fee if the employee's research leads to a successful infringement suit. *Lexington*, *supra*, 858 F.3d at 1097. Finally, defendants emphasize the sheer number of infringement suits that DB has filed – at least 100 suits across the country since 2009, the majority of which DB filed in or after 2013.[4]

Because DB has thus taken an active role in ferreting out infringements of its architectural works since 2009, FWH contends it should be chargeable with knowledge before March, 2013, that FWH had also infringed its copyrighted works.

---

[3] FWH cites no evidence that would support a finding that DB in fact knew of its allegedly infringing activities before March, 2013, when Cuozzo discovered it on the Internet. (Doc. 81 at 13–17; Doc. 112 at

[4] While other courts have criticized DB's "trolling," *e.g.*, *Lexington*, *supra*, 858 F.3d at 1096 (referring to "Design Basics and the Art of the Intellectual Property Shakedown"), I do not. Vigilance and vigor are the best defenses against, and the best deterrent to, theft of the useful creation of the creator's intellect. While it may be burdensome for courts to ascertain which claims hit the target and which are misfires, that is no reason to fault those who, even with some frequency, take aim at those who may have stolen their creative works. Even a blunderbuss can hit its target and bring some down and scare others away.

The parties agree that the Sixth Circuit has not addressed when a party may be chargeable with knowledge that another has infringed its copyrighted works. But "courts from other circuits have determined that a reasonably diligent plaintiff should discover the injury forming the basis of an action when the plaintiff is put on inquiry notice of the infringement of a right." *Design Basics, LLC v. Chelsea Lumber Co.*, 977 F. Supp. 2d 714, 723–24 (E.D. Mich. 2013).

"[C]ourts have held that a plaintiff is put on inquiry notice once it possesses information regarding culpable conduct – 'storm warnings' – suggesting some reason to investigate." *Id.* at 724. "Typically, inquiry notice must be triggered by some event or series of events that comes to the attention of the aggrieved party."

Viewing the evidence in the light most favorable to DB, a reasonable jury could find that DB had no reason to know of FWH's infringing conduct until Cuozzo discovered it in early March, 2013.

Most importantly, FWH was one of DB's customers: FWH licensed two of DB's architectural works, and DB, whether on its own initiative or at FWH's request, sent FWH copies of its plan catalogs. (Doc. 58 at ¶7; Doc. 83–3 at ¶29). As DB observes, "[d]efendants appeared to be law-abiding customers, following the licensing requirements spelled-out on DB's plan catalogs." (Doc. 111 at 11). There is simply is no evidence – at least FWH has cited none – that DB had reason to think that FWH might be infringing its works before Cuozzo discovered the infringements in March, 2013.

Furthermore, FWH cites no authority to support its argument that, simply because DB began aggressively to pursue copyright-infringement cases – against different defendants – in 2009, DB was on inquiry notice of FWH's – and, by implication, every other bad actor's – infringing conduct.

9

This omission is not surprising, given that inquiry notice, at least for a copyright-infringement claim, is necessarily defendant-specific. Indeed, even a case on which FWH relies on – *Warren Freedenfield Assoc., Inc. v. McTigue*, 531 F.3d 38, 44 (1st Cir. 2008) – recognized that the relevant question is whether the plaintiff had "some reason to investigate whether he may have suffered an injury *at the hands of a putative infringer*." (Emphasis supplied); *see also Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 615 (7th Cir. 2014) (inquiry notice is defendant-specific).

Accordingly, that DB had reason to know that others – indeed, many others – had allegedly infringed its copyright works does not compel a reasonable jury to find that it also had reason to think FWH, too, had infringed its works.

## Conclusion

It is, therefore,

ORDERED THAT defendants' motion for partial summary judgment (Doc. 81) be, and the same hereby is, denied.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge